UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60449-CIV-ROSENBAUM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOYCE. S. SOTO,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court upon Plaintiff United States of America's Motion for Summary Judgment [ECF No. 16]. Plaintiff filed its Motion for Summary Judgment on April 8, 2014. Defendant's response was therefore due on or before April 25, 2014. On April 29, 2014, the Court issued an Order to Show Cause directing Defendant to show cause why the Motion for Summary Judgment should not be granted. ECF No. 17. To date, however, Defendant has not responded to Plaintiff's Motion or the Court's Order to Show Cause. The Court has nonetheless considered the merits of Plaintiff's Motion and concludes that summary judgment is warranted.

**I. Legal Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

On a motion for summary judgment, the Court views the evidence, including all reasonable inferences drawn from it, in the light most favorable to the non-moving party and resolves all reasonable doubts against the movant.  *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008); *Johnson v. City of Mobile*, 321 F. App'x 826, 830 (11th Cir. 2009).  The Court does not weigh conflicting evidence.  *Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007), *reh'g and reh'g en banc denied*, 254 F. App'x 803 (11th Cir. 2007).  Nor does the Court determine the credibility of witnesses.  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citation omitted).  Upon discovering a genuine material dispute, the Court must deny summary judgment and proceed to trial.  *Id.* at 1292.

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., LLC.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'"  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by his own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts suggesting that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343.

Local Rule 56.1, S.D. Fla., further factors into this Court's consideration of a motion for summary judgment. Under Local Rule 56.1, a party moving or opposing summary judgment must submit a "statement of the material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." S.D. Fla. L.R. 56.1(a). The rules require these statements be supported by "specific references" to evidence on the record. S.D. Fla. L.R. 56.1(a)(2). The Local Rules expressly caution, "All material facts set forth in the movant's statement filed and supported as required above will be *deemed admitted* unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b) (emphasis added). But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still satisfy itself that the evidence on the record supports the uncontroverted material facts that the movant has proposed. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

## II. Discussion

This action was commenced by the United States to recover the unpaid balance and interest on three federally guaranteed student loans made to Defendant. Defendant executed three promissory notes to secure the loans on July 9, 1986, September 29, 1987, and March 6, 1988, in the amounts of $2,500.00, $2,625.00, and $1,312.00, respectively. *See* ECF No. 16 at 7. The loan obligation, subject to an interest rate of eight percent per annum, was guaranteed by the Florida Department of Education, Office of Student Financial Assistance and then reinsured by the United States Department of Education pursuant to Title IV-B of the Higher Education Act of 1965, 20

U.S.C. § 1071.  *Id.*  Defendant subsequently defaulted on her obligation, and Plaintiff now seeks reimbursement for the current balance of the loans.  *Id.*

Upon review of the record, including the promissory notes and Certificate of Indebtedness, the Court concludes that no genuine issue of material fact exists that would preclude entry of summary judgment.  Plaintiff has demonstrated that Defendant secured three loans and has failed to make the required payments.  In failing to respond to Plaintiff's Motion, Defendant has not rebutted this showing.  Summary judgment is therefore appropriate.

### III. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff United States of America's Motion for Summary Judgment [ECF No. 16] is **GRANTED**. Pursuant to Rule 58(a), Fed. R. Civ. P., a separate final judgment will be entered in this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies to:
Counsel of record